IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAE A. HADDIX,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRASOL, LLC,<br><br>    Defendant. | Case No. 3:20-cv-1995-X-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant CentraSol, LLC's "Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim, and Alternatively, Motion for More Definite Statement." Mot. (ECF No. 12). For the following reasons, the District Court should GRANT Defendant's motion, DISMISS Plaintiff's 29 U.S.C. §§ 654 and 660(c) claims under Rule 12(b)(6) for failure to state a claim, and DECLINE to exercise supplemental jurisdiction over any remaining state-law claims.

**Background**

*Pro se* Plaintiff Rae Haddix previously worked for CentraSol, LLC as the "Lead Payment Poster." Compl. 1 (ECF No. 1). Haddix alleges that, during her employment, she reported employee misconduct "on multiple occasions." *Id.* Specifically, Haddix reported Yasaria, who worked for her, for "insubordination, verbally abusive behavior and theft of company time on multiple occasions" and

1

Jessica, "who is related to Yasaria," for "multiple Threats of physical violence." *Id.* at 1-2. Haddix contends the misconduct she reported involved violations of the employee handbook, and CentraSol's "upper management acknowledged Yasaria's misconduct on several occasions." *Id.* at 2. Haddix alleges Jessica retaliated against her, threatening physical violence, for making complaints about Yasaria's conduct. *Id.* "This occurred on 3 different occasions spanning over a six month period, [sic] twice those threats were directed towards the Plaintiff." *Id.* One incident occurred in the parking lot the day before CentraSol terminated Haddix. *Id.*

According to Haddix, CentraSol failed to "properly discipline an employee that made previous threats of physical violence and was complicit after the fact for lying to the Plaintiff and the Texas Workforce Commission about the reason for terminating Plaintiff's employment." *Id.* at 2-3. Haddix does not allege whether CentraSol failed to discipline Yasaria, Jessica, or someone else, but, regardless, she claims this failure amounts to "violations" of the "Texas Human Resources Code Title 2. D. Chapter 48 Sec 48.002 (2) (A)" and "the Occupational Safety and Health Act of 1970 [(OSHA)] as defined under 29 SEC 5 USC 654 (a) (1) for allowing an employee to violate 29 SEC 5 USC 654 (B) by making threats of physical violence to two or more employees on 3 different occasions." *Id.* at 2. Haddix explains, "[b]oth State and Federal Law prohibits [sic] any form of intimidation against a person with any type of known medical condition," and she made CentraSol aware that she suffers from epilepsy when she was hired. *Id.*

2

Haddix also alleges CentraSol "was grossly negligent for allowing a known safety violation to persist at the facility" and that CentraSol failed to comply with the "Texas Pay Date Law," because CentraSol: "was late in making payroll on 2 or more occasions," "stated that [it] was allowed a 5 day variance," and "also stated [it] was not responsible for any overdraft fees any employee incurred since it was in the employee handbook," which "all employees signed." *Id*.

Haddix asserts that she "previously received a pay increase" and that "her Annual Performance Review . . . clearly demonstrated [she] was performing the assigned duties," but CentraSol "wrongfully terminated [her] in violation of the signed employment agreement." *Id*. at 1-2. Subsequently, Haddix filed her original Complaint, entitled "Assault, Libel and Slander." *Id*. at 1. Her civil cover sheet describes her suit as: "Assault Libel and Slander as retaliation for reporting misconduct and threats of physical violence, which are protected acts." *Id*. at 6. Haddix asserts this Court has federal-question jurisdiction, does not allege diversity jurisdiction, and checked the boxes indicating both she and CentraSol are "Citizen[s] of This State." *Id*.

In response to Haddix's Complaint, CentraSol filed its "Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim, and Alternatively, Motion for More Definite Statement," requesting the Court dismiss Haddix's claims against it under Rules 12(b)(1) and 12(b)(6) or require Haddix to amend her Complaint pursuant to Rule 12(e). Mot. 10. CentraSol's motion is fully

3

briefed and ripe for determination. Resp. (ECF No. 14); Reply (ECF No. 15).[1]

**Legal Standard**

CentraSol seeks dismissal of Haddix's claims under both Rules 12(b)(1) and 12(b)(6). *See* Mot. Ordinarily, when a party files a Rule 12(b)(1) motion in conjunction with other Rule 12 motions, the court should consider the jurisdictional challenge before addressing any attack on the merits to "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted). Here, however, the Court finds CentraSol's argument that Haddix's OSHA claims should be dismissed because 29 U.S.C. §§ 654 and 660(c) do not provide private causes of action involves a question of federal law, which the Court has jurisdiction to address under 28 U.S.C. § 1331. Mot. 3-6; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) ("A case 'aris[es] under' federal law within the meaning of § 1331, this Court has said, if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

---

[1] Haddix also filed a surreply (ECF No. 16) without the Court's leave. "The court has not considered the surreply because the local civil rules do not permit a surreply to be filed without leave of court." *Theller v. US Bank Nat'l Ass'n*, No. 3:19-cv-2564-D, 2019 WL 7038360, at *1 n.2 (N.D. Tex. Dec. 19, 2019) (Fitzwater, J.) (citing N.D. Tex. L. Civ. R. 7.1(f) (allowing reply to be filed but not providing for surreply to be filed)).

4

substantial question of federal law.'" (citation omitted)). Accordingly, the Court considers whether Haddix's claims should be dismissed under Rule 12(b)(6). *See Valdez v. Joy Techs.*, 29 F.3d 623, 623 (5th Cir. 1994) (per curiam) (affirming district court's Rule 12(b)(6) dismissal of Valdez's 29 U.S.C. § 654 claim because "this statute does not authorize a private right of action").

### 12(b)(6)

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005)); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

**Analysis**

The only federal law Haddix references in her Complaint is the Occupational Safety and Health Act of 1970, specifically 29 U.S.C. § 654. Compl. 2. Accordingly, the Court first examines whether Haddix stated a claim under OSHA.

6

**29 U.S.C. § 654**

CentraSol argues Haddix's 29 U.S.C. § 654 claim should be dismissed because § 654 does not provide a private cause of action. Mot. 4. Haddix responds that she "believes the Complaint as filed sufficiently alleges facts to state a claim upon which relief can be granted as presented." Resp. 1. The Court finds § 654 does not provide a private right of action and recommends the District Court dismiss Haddix's § 654 claim.

Section 654 provides,

> (a) Each employer—
>
> > (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;
> >
> > (2) shall comply with occupational safety and health standards promulgated under this chapter.
>
> (b) Each employee shall comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to this chapter which are applicable to his own actions and conduct.

29 U.S.C. § 654. Here, Haddix alleges "[t]he misconduct of Centrasol employees Yasaria and Jessica are violations under the Occupational Safety and Health Act of 1970 as defined under 29 SEC 5 USC 654 (a) (1) for allowing an employee to violate 29 SEC 5 USC 654 (B) by making threats of physical violence to two or more employees on 3 different occasions." Compl. 2. But in *Valdez v. Joy Technologies*,

7

the Fifth Circuit affirmed the district court's Rule 12(b)(6) dismissal of Valdez's § 654 claim, wherein the district court noted "th[at] statute does not authorize a private right of action." 29 F.3d at 623 ("Albeit in a different context . . . , the Supreme Court, in *Cuyahoga Valley Railway Co. v. United Transportation Union,* 474 U.S. 3, 6 (1985), stated that it is 'clear that enforcement of the [Occupational Health and Safety] Act is the sole responsibility of the Secretary [of Labor].'") (citing *George v. Aztec Rental Ctr., Inc.,* 763 F.2d 184, 186-87 (5th Cir. 1985) (finding no private right of action exists for retaliatory discharge under OSHA); *Champlin Petroleum Co. v. OSHA Rev. Comm'n,* 593 F.2d 637, 640 (5th Cir. 1979) (detailing Secretary's burden in establishing violation of "general duty clause" of § 654)); *see also Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) (per curiam) (affirming dismissal with prejudice of Perez's claim under § 1915(e)(2)(B) because, among other reasons, the Fifth Circuit has "held that OSHA does not give rise to a private cause of action" (citation omitted)). Accordingly, the Court finds 29 U.S.C § 654 provides no private cause of action and recommends dismissing Haddix's § 654 claim with prejudice.

### 29 U.S.C. § 660(c)

In her Complaint, Haddix also alleges that CentraSol retaliated against her in violation of "State and Federal Laws." Compl. 1, 3. Because Haddix asserts this Court has federal-question jurisdiction alone, and the sole statute she names is OSHA (particularly 29 U.S.C. § 654), the Court liberally construes Haddix's Complaint to also assert an OSHA claim under 29 U.S.C. § 660(c), for "[d]ischarge

or discrimination against [an] employee for exercise of rights under this chapter." 29 U.S.C. § 660(c); *see United States v. Ayika,* 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (citation omitted) (stating the court has a "duty to construe pro se briefs liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"). CentraSol argues this claim should also be dismissed because "Section 660(c) of OSHA does not provide a private right of action." Mot. 6. Haddix again responds that she believes her "Complaint as filed sufficiently alleges facts to state a claim upon which relief can be granted." Resp. 1. The Court also finds 29 U.S.C. § 660(c) does not provide a private right of action and recommends dismissing Haddix's § 660(c) claim.

Section 660(c) provides:

> (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
>
> (2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any

9

> such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.
>
> (3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection.

29 U.S.C. § 660(c)(1)-(3). Here, Haddix alleges CentraSol's termination of her employment "was retaliation by the employer for actions by an employee that are protected under State and Federal Laws." Compl. 1.; *see also* Compl. 3 (praying "that this Court recognizes the actions of the employer as Retaliation for Protective Acts under State and Federal Laws"). But the Fifth Circuit has held "there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c) [of OSHA]," codified at 29 U.S.C. § 660(c). *George*, 763 F.2d at 186; *see also Longhorn Integrity Inspection Servs., L.L.C. v. McCurdy*, 738 F. App'x 273, 274 (5th Cir. 2018) (per curiam) ("Lastly, as to McCurdy's purported wrongful discharge action under OSHA, we agree with the district court that there is no private right of action under OSHA's retaliatory discharge provision, 29 U.S.C. § 660(c)." (citing *George*, 763 F.2d at 186)). Accordingly, the Court finds 29 U.S.C § 660(c) provides no private cause of action and recommends dismissing Haddix's § 660(c) retaliation claim with prejudice.

10

In response to CentraSol's argument that §§ 654 and 660(c) do not provide causes of action, Haddix contends that: "Defendant again fails to deny that threats of physical violence by a Centrasol employee occurred and the Defendant failed to take any corrective actions"; "[t]he current OSHA laws are poorly written[,] . . . fail to protect employees from dishonest and unethical employers," "allow[ ] for discrimination[,] . . . racial bias," and "an employer to terminate an employee for dishonest reasons to avoid reporting safety violations"; and "[t]he Department of Labor and Secretary of Labor have failed to recognize to [sic] necessity to correct the errors in the OSHA laws in their current form." Resp. 3. Haddix's disapproval of the statute notwithstanding, the Fifth Circuit has made clear that §§ 654 and 660(c) do not provide private causes of action. Thus, the District Court should dismiss Haddix's §§ 654 and 660(c) claims with prejudice for failure to state a claim.

### State-Law Claims and Miscellaneous

Although Haddix titled her Complaint "Assault, Libel and Slander," and states "[t]he actions of the Defendant include Assault, Liable [sic] and Slander," she does not appear to bring an assault, libel, or slander claim. Compl. 1. Indeed, she does not reference assault, libel, or slander within the "Cause of Action" section of her Complaint or explain how CentraSol committed these torts. *Id.* at 1-3. Haddix also alleges, "Defendant was grossly negligent for allowing a known safety violation to continue to exist at the facility" and "for failing to properly discipline an employee that made previous threats of physical violence and was complicit

11

after the fact for lying to the Plaintiff and the Texas Workforce Commission about the reason for terminating the Plaintiff's employment." *Id.* at 2-3. But the District Court should decline to exercise supplemental jurisdiction over any remaining state-law claims. According to the Fifth Circuit, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial . . . ." *Brookshire Brothers Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)); *see also Parker & Parsley Petroleum Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989)) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). Further, when the federal claims are dismissed at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

In her response to CentraSol's motion, Haddix cites 42 U.S.C. §§ 1981, 1981a, and 1985, and contends that, in addition to her defamation, OSHA, and assault claims, she asserts a claim for intentional infliction of emotional distress. Resp. 3-5. But Haddix did not include these additional claims in her Complaint; nothing in her Complaint indicates she intended to bring a claim under §§ 1981, 1981a, or 1985; and the Court need not consider whether she has stated a claim for intentional infliction of emotional distress because the District Court should

12

dismiss the only federal claims she pleaded in her Complaint and decline to exercise supplemental jurisdiction over any remaining state-law claims.

Finally, the Court pretermits consideration of CentraSol's alternative request for a more definite statement under Rule 12(e) because it recommends dismissal of all of Haddix's claims.

## Recommendation

For the reasons stated, the District Court should GRANT Defendant CentraSol, LLC's motion (ECF No. 12), DISMISS with prejudice Haddix's 29 U.S.C. §§ 654 and 660(c) claims under Rule 12(b)(6) for failure to state a claim, DECLINE to exercise supplemental jurisdiction over any remaining state-law claims, and DISMISS them without prejudice.

**SO RECOMMENDED**.

July 21, 2021.

                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).